UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

PATRICK JUSTI,

    Plaintiff,

v.

WEXFORD HEALTH SERVICES, DR. VIPIN SHAH, DR. BUTALID, DR. MICHAEL ADAMS and DR. KURT OSMUNDSON,

    Defendant.

Case No. 16-cv-396-JPG-SCW

## MEMORANDUM AND ORDER

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 70) of Magistrate Judge Stephen C. Williams recommending that the Court grant the motion for summary judgment filed by defendant Dr. Vipin Shah (Doc. 58). Plaintiff Patrick Justi has objected to the Report (Doc. 75).

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

This case arose after Justi, an inmate at Robinson Correctional Center ("Robinson CC") at all relevant times, saw Shah, a physician at Robinson CC, from December 2014 to April 2015 for elbow and shoulder pain. Justi claims Shaw was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.

Shaw saw Justi on three occasions. The first was on December 27, 2014, in response to Justi's

complaints of elbow pain while doing exercises—dips,[1] to be specific. Shah noted in Justi's medical records that he had had a prior weightlifting injury. He told Justi to lose weight and prescribed ibuprofen for pain. In response to Justi's request for prescribed physical therapy, Shah instructed Justi to do physical therapy exercises by himself.

The second was on February 14, 2015, in response to Justi's complaints of continuing elbow pain and right shoulder pain. In response, Shah sought Justi's orthopedic medical records for his prior injuries and told Justi to return in three weeks once he had the old records. The previous day, a nurse had already prescribed Justi ibuprofen and a cold compress and had instructed him to avoid lifting and strenuous activities. Shah did not prescribe any further medication or physical therapy.

The third occasion was on April 4, 2015, as a follow-up after Shah received Justi's prior medical records showing a prior shoulder injury and treatment with physical therapy. He again instructed Justi to lose weight, exercise, take ibuprofen and return as needed.

Robinson CC medical personnel who took over Justi's care following Dr. Shah prescribed medication and warm soaks, alternately recommended weight-lifting and refraining from it, and ordered an x-ray. Following the x-ray, they ordered pain medication, warm soaks, and exercises.

Magistrate Judge Williams found that Justi's pain presented an objectively serious medical condition but that no reasonable jury could find Shah was deliberately indifferent to Justi's medical needs. Each time Shah saw Justi, he responded with a course of action that, although conservative, was not so far beyond accepted professional standards as to raise the inference of deliberate indifference.

In his objection, Justi argues that a jury could find Shah was deliberately indifferent. He first points to Shah's advice to do exercise while a nurse instructed him on February 13, 2014, to avoid lifting,

---

[1] "To perform a dip, the exerciser hangs from a dip bar or from a set of rings with their arms straight down and shoulders over their hands, then lowers their body until their arms are bent to a 90 degree angle at the elbows, and then lifts their body up, returning to the starting position." Wikipedia, "Dip (exercise)," https://en.wikipedia.org/wiki/Dip_(exercise) (visited July 11, 2018).

sports or strenuous activity until he was pain free for two weeks (Doc. 65 at 33). Shah's first advice to exercise was when he saw Justi in December 2014 in response to complaints of elbow pain and was six weeks prior to the nurse's advice. His advice then was consistent with his simultaneous recommendation to lose weight (and in fact, his notes say "Exercise, wt loss" (Doc. 65 at 32)) and was accompanied by instructions to do physical therapy exercises for his elbow on his own. Shah also recommended exercise in April 2015 after he reviewed Justi's prior orthopedic records and again advised weight loss. In fact, other medical personnel at Robinson CC later advised Justi to exercise after he was diagnosed in June 2015. No evidence suggests the advice to exercise was "so far afield of accepted professional standards as to raise the inference that it was not actually based on a medical judgment." *Norfleet v. Webster,* 439 F.3d 392, 396 (7th Cir. 2006). To the extent Shah's advice may have differed from the advice of any other medical provider at another point in time, he faced difference circumstances than another provider did, so conflicting advice would not lead to the inference of deliberate indifference. That Shah did not expressly explain what he meant by exercise was, at the most, negligent, but it does not amount to deliberate indifference. *See Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014) ("Something more than negligence or even malpractice is required" to show deliberate indifference).

Justi also argues Shah was deliberately indifferent because, although he recommended Justi do physical therapy exercises by himself, he did not explain to him or show him any of those exercises. Again, while this may have been negligent, it does not support an inference of deliberate indifference.

Finally, Justi argues that Shah's advice to lose weight is not an acceptable treatment for a shoulder or elbow injury, so it evidences a deliberately indifferent response. The record shows, however, that Shah knew Justi was overweight (although, as Magistrate Judge Williams notes, he was

likely incorrect to say he was obese), and it is within the range of acceptable professional standards for a doctor to advise an overweight patient to lose weight, absent contraindications, no matter what particular problem they are suffering at any particular moment. Additionally, it is common sense that if someone who exercises by doing dips or other body-weight-bearing exercise loses weight, there will be less stress on his elbows, shoulders or other joints because he will be lifting less body weight. A reasonable jury could not find that Dr. Shah's advice to lose weight while simultaneously prescribing pain and/or anti-inflammatory medication and physical therapy exercises was deliberate indifference to Justi's health needs.

Having reviewed the matter *de novo*, for the reasons stated in the Report, the Court agrees with Magistrate Judge Williams's assessment that no reasonable jury could find Shah was deliberately indifferent to Justi's serious medical needs by providing him conservative treatment that was within the realm of professionally acceptable medical advice.[2] Accordingly, the Court hereby:

- **ADOPTS** the Report as **SUPPLEMENTED** by this order (Doc. 70);
- **OVERRULES** Justi's objection (Doc. 75);
- **GRANTS** Shah's motion for summary judgment (Doc. 58); and
- **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED: July 19, 2018**

            s/ J. Phil Gilbert
            **J. PHIL GILBERT**
            **DISTRICT JUDGE**

---

[2] The Court notes that the Report erroneously refers to a summary judgment motion filed by a plaintiff who has the burden of proof at trial. However, it correctly applies the summary judgment standard to the situation in this case—where a motion is filed by a defendant who does not bear the ultimate burden of proof at trial.